UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLY GREER,<br><br>    Plaintiff,<br><br>    v.<br><br>MURIEL BOWSER, MAYOR OF THE DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 23-3395 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Billy Greer worked for the University of the District of Columbia for nearly 30 years. After fracturing his toe on campus and filing a workers'-compensation claim for that injury, Greer returned to UDC only to be fired months later on the ground that such claim was fraudulent. He brought this action — one of several he has filed with the Court on the same facts — against D.C. Mayor Muriel Bowser, the D.C. Office of Risk Management, and various individuals working at ORM in their individual capacities. He alleges violations of the Americans with Disabilities Act and his due-process rights, as well as defamation and civil conspiracy. Defendants now move to dismiss this suit under Federal Rule of Civil Procedure 12(b)(6). In the process of briefing that Motion, Plaintiff withdrew his defamation and civil-conspiracy claims. Concluding that his ADA counts are collaterally estopped and that his due-process claim is time barred, the Court will grant Defendants' Motion.

**I.    Background**

The Court, as it must in a case brought by a *pro se* plaintiff, draws on the facts as pled in both the Complaint and Plaintiff's Opposition to Defendants' Motion to Dismiss, taking them to

1

be true.  See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113–14 (D.C. Cir. 2000); Brown v. Whole Foods Market Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015) (courts should consider "the facts alleged in all of [a *pro se* plaintiff's] pleadings" when evaluating motion to dismiss).  Plaintiff worked as a D.C. Government Police Officer with the UDC Department of Public Safety and Emergency Management for nearly three decades.  See ECF No. 4 (Am. Compl.), ¶ 3.  On June 7, 2020, while on patrol, he opened a door to retrieve his personal DVDs from campus and the door collapsed on his toe.  Id., ¶¶ 5, 11; ECF No. 10-1 (Opp.) at 4.  Greer was later told that his toe was fractured and that he needed to wear a boot as it healed.  See Opp. at 4.  Following the injury, he filed a workers'-compensation claim with ORM.  See Am. Compl., ¶ 4.

ORM began assessing Plaintiff's claim on June 12.  Id., ¶ 4.  On July 24, it denied the claim because it found that Greer was not "in the performance of [his] official duties [or] . . . within the scope of [his] employment" when he was injured.  Id., ¶ 5; ECF No. 8-2 (July 24, 2020, Denial Letter) at 1–3.  Plaintiff subsequently submitted a rebuttal letter and asked ORM to rescind its decision, which it did not do.  See Am. Compl., ¶ 10.  He returned to work but was fired months later on December 17 for filing a fraudulent workers'-compensation claim. Id., ¶ 3.

Greer's Amended Complaint filed on March 28, 2024, contains five counts, the first two of which assert that Defendants failed to accommodate and wrongfully terminated Plaintiff under the ADA.  Id., ¶¶ 1–2.  The last three causes of action allege defamation, a due-process violation, and civil conspiracy.  Id. at 6, 8–11.  Greer seeks millions in compensatory and punitive damages as well as attorney fees (even though he is representing himself).  Id. at 12.

Defendants now move to dismiss all five counts in the Complaint.

**II.     Legal Standard**

The Motion to Dismiss invokes Federal Rule of Civil Procedure 12(b)(6). In evaluating such motions, courts must "treat the complaint's factual allegations as true . . . and . . . grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow, 216 F.3d at 1113 (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) — that is, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The court need not accept as true "a legal conclusion couched as a factual allegation," Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)), nor "inferences . . . unsupported by the facts set out in the complaint." Id. (quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). And it may consider not only "the facts alleged in the complaint," but also "any documents either attached to or incorporated in the complaint[,] and matters of which [courts] may take judicial notice." Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

**III.   Analysis**

Of the five counts in this suit, Plaintiff concedes that the ones for defamation and civil conspiracy are time barred, and he expressly withdraws them. See Opp. at 10. The only causes of action still standing are thus the ADA and due-process ones.

   A.   ADA

Greer brings two ADA counts — one for failure to accommodate and one for wrongful termination. See Am. Compl., ¶¶ 1–2. Defendants assert that both are collaterally estopped by this Court's holdings in prior cases that Plaintiff failed to exhaust his reasonable-accommodation claim and that his wrongful-termination claim was untimely. See ECF No. 8 (MTD) at 8–10; Greer v. Bd. of Trs. Univ. of D.C., 2024 WL 894934, at *3–4 (D.D.C. Mar. 1, 2024) (Greer I); Greer v. Bd. of Trs. Univ. of D.C., 2024 WL 2049016, at *7 (D.D.C. May 8, 2024) (Greer II). Greer counters that this Court was wrong in both of its holdings, so his claims should proceed. See Opp. at 8. Yet his recourse for such purported errors was an appeal, which he did not file. The Court will not — nor could it — assess whether the previous decisions were correct when determining whether collateral estoppel applies to the ADA claims.

Collateral estoppel is meant to conserve judicial resources by "prevent[ing] a party from relitigating an issue that has already been decided." Jackson v. Off. of the Mayor of D.C., 911 F.3d 1167, 1171 (D.C. Cir. 2018). Under the doctrine, "an issue of fact or law that was actually litigated and necessarily decided is conclusive in a subsequent action." McAlister v. Potter, 843 F. Supp. 2d 117, 120 (D.D.C. 2012) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). Collateral estoppel requires that "(1) 'the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case[';] (2) 'the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior

4

case[';] and (3) 'preclusion in the second case must not work a basic unfairness to the party bound by the first determination.'" Montgomery v. Internal Revenue Serv., 40 F.4th 702, 709 (D.C. Cir. 2022) (quoting Martin v. Dep't of Just., 488 F.3d 446, 454 (D.C. Cir. 2007)). In addition, the fact that Defendants were not parties in the previous cases does not prevent collateral estoppel. See Van Beneden v. Al-Sanusi, 12 F. Supp. 3d 62, 70 (D.D.C. 2014) ("Collateral estoppel can be invoked by a stranger to the prior action against a party to that prior action, as the Supreme Court 'has virtually eliminated the mutuality requirement for collateral estoppel.'") (quoting Novak v. World Bank, 703 F.2d 1305, 1309 (D.C. Cir. 1983)); see also Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 329 (1979) (Collateral estoppel "precludes a plaintiff from relitigating identical issues by merely switching adversaries.") (internal quotation marks omitted).

Plaintiff alleges here that UDC failed to provide him reasonable accommodations under the ADA. See Am. Compl., ¶ 1. Defendants assert that the Court has already twice found that Greer did not exhaust his administrative remedies on this claim, as required in an ADA case, so the issue should not be relitigated. See MTD at 9–10; Greer I, 2024 WL 894934; Greer II, 2024 WL 2049016.

Starting with the first collateral-estoppel factor, this is indeed the same issue that was raised in prior suits. Greer's claim in this case is that on June 11 and July 2, 2020, Certrina Smith, an ORM employee, denied his requests to be placed on light duty. See Opp. at 4. In Greer I, the Court dealt with precisely the same denials of accommodations on the same dates by the same ORM employee. See 2024 WL 894934, at *3 ("The Complaint alleges two instances when the University refused to accommodate Plaintiff's injury: first on June 11, 2020, when Smith declined the foot specialist's work restrictions, and then on July 2, 2020, when she

5

declined the ORM work restrictions."). The defendant in Greer I — UDC — argued that Plaintiff had not exhausted his administrative remedies because he never filed a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the alleged failures to accommodate, as required to bring an ADA claim. Id.

Second, the issue has been "actually and necessarily determined by a court of competent jurisdiction." Yamaha Corp. of America v. U.S., 961 F.2d 245, 254 (D.C. Cir. 1992). The Court in Greer I made a final decision on this question, holding that the claim was indeed barred as unexhausted, which was essential to its overall judgment dismissing the case. See 2024 WL 894934, at *4.

Finally, the Court sees no "basic unfairness" that results from preclusion of Greer's accommodation claim. Plaintiff had the same incentives to litigate the claim in the prior case, and the stakes in this case are not of "vastly greater magnitude" than the prior one. Yamaha Corp., 961 F.2d at 254. The Court further sees no risk that the "prior proceedings were seriously defective." Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 333 (1971). Indeed, the only conceivable unfairness is forcing additional entities to respond to issues already decided. The Court thus holds that Greer is collaterally estopped from relitigating the accommodation claim, which will be dismissed.

Pressing an alternative basis for ADA relief, Plaintiff asserts a wrongful-termination count. See Am. Compl., ¶ 2. Defendants again respond that the Court already found this cause of action to be untimely, and so it, too, should be collaterally estopped. See MTD at 10; see also Greer II, 2024 WL 2049016, at *8 ("[Greer] did not file the instant [wrongful-termination] lawsuit until November 13, 2023 — that is, . . . 95 days too late."). They are correct.

6

Once again, Plaintiff's current assertion that he was wrongfully fired by UDC on December 17, 2020, see Am. Compl., ¶¶ 2–3, is the precise issue that the Court assessed in Greer II. See 2024 WL 2049016, at *8 (discussing Greer's wrongful-termination claim regarding his firing from UDC on December 17, 2020). Since the Court "actually and necessarily" determined the issue there and because a finding of issue preclusion would not present a basic unfairness for the reasons just discussed, the Court holds that this count is also collaterally estopped and will be dismissed.

### B. Due Process

Greer next alleges that ORM violated his Fifth Amendment due-process rights during its investigation. See Am. Compl. at 10–11. Defendants respond that this claim is time barred. See MTD at 15; Reply at 2. Plaintiff concedes that the claim was indeed filed too late, but he puzzlingly asserts that it should nonetheless proceed because he "did not need to . . . appeal" the July 24, 2020, ORM decision. See Opp. at 11–12. Whatever that means, the statute of limitations for a due-process claim is three years. See Dave v. Dist. of Columbia, 811 F. Supp. 2d 111, 116–17 (D.D.C. 2011). Since his claim is based on procedural issues in ORM's investigation, the latest date on which Plaintiff could claim a due-process violation occurred is July 24, 2020, when ORM released its decision on his case. See Am. Compl., ¶ 5. As Greer did not file his due-process claim by July 24, 2023, the claim is time barred.

\* \* \*

Plaintiff's case shall therefore be dismissed in full for yet a third time.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. A separate Order so stating will issue this day.

7

/s/ James E. Boasberg<br>
JAMES E. BOASBERG<br>
Chief Judge

Date:  September 12, 2024